### 30677. CALLAWAY *v.* NICHOLAS.

DECIDED MARCH 30, 1945.

286

*R. Carter Pittman,* for plaintiff in error.

*D. W. Mitchell,* contra.

MACINTYRE, J. The question now presented is, did the court err in nonsuiting Callaway? "The general rule announced by the Supreme Court is, that a motion for a nonsuit should not be granted where there is any evidence tending to sustain the plaintiff's action, or where the jury can fairly infer from the evidence a state of facts favorable to the plaintiff." *Moseley* v. *Patterson,* 27 *Ga. App.* 133, 135 (107 S. E. 623).

This court held in *Nicholas* v. *Callaway,* supra, that the journey upon which Wells had started was only for his own purposes and without the knowledge or consent of Callaway, his master; that the master was not liable for the negligence of the servant during the interval of this trip during which the collision occurred. Hence, the negligence, if any, of the driver of Callaway's truck could not be imputed to Callaway. No evidence of the negligence of Callaway appears in this case, nor is there any negligence that can be imputed to him.

"A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration." *Reaves* v. *Columbus Electric &c. Co., 32 Ga. App.* 140, 151 (122 S. E. 824). Applying this rule to the evidence in the instant case, the jury were authorized to believe all of the testimony of Wells in preference to the testimony of Nicholas, or, if they saw fit, to believe only a part of the testimony of each. Under one phase of the testimony, the jury were authorized, but not required, to find that Nicholas's car approached the intersection at an unlawful rate of speed—"50 to 60 miles per hour;" that the truck was almost across the intersection when the front of Nicholas's car struck the back end of the truck; that the truck had entered the intersection first and was traveling much slower than the Nicholas car—in short, that the truck had pre-empted the intersection, and had the prior right to proceed across; that it was negligence for Nicholas to run into the truck; and therefore that Callaway might recover. On the other hand, under other phases of the evidence, the jury would have been authorized to find that Nicholas was not negligent, and that Callaway could not recover. The evidence was sufficient for the submission of this case to the jury and it was error to grant a nonsuit.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*